No. 26,182.

B. F. BOELL, *Appellee*, v. JAMES SULLIVAN, *Appellant*.

SYLLABUS BY THE COURT.

MOTOR VEHICLES — *Automobile Collision* — *Action for Injuries* — *Sufficiency of Evidence.* In this action to recover for injuries to an automobile resulting from a collision with another on a highway, the jury returned a verdict and special findings in favor of plaintiff. Upon an examination of the evidence it is held to be sufficient to support the findings and verdict.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed November 7, 1925. Affirmed.

*A. E. Crane, A. H. Crane* and *B. F. Messick,* all of Topeka, for the appellant.
*W. F. Challis,* of Wamego, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This action was brought by B. F. Boell against James Sullivan, to recover damages resulting from a collision of automobiles on a highway near the limits of a city.  Plaintiff alleged and offered evidence to show that just before the collision his daughter was driving south on the right side of the highway at a speed of about fifteen miles per hour and defendant was coming from the south on the proper side of the highway at a speed of about twenty miles per hour, when defendant turned suddenly to the left in front of her car without any proper warning and collided with plaintiff's car.

There was testimony that just before the collision and when defendant was about a half block away, he was waving his hand and uttering noises which led her to think he was drunk.  It appears that defendant was approaching a private driveway leading to his home and desired to turn into it.  A verdict in favor of the plaintiff for $300 was returned by the jury, and with it the following special findings:

"Q. Was the defendant negligent in the operation of his automobile which contributed to the accident?  A. Yes.

"Q. If you answer the foregoing question 'yes,' please set out the negligence you find.  A. Turned to the left without proper signal.

"Q. Was Sarah Boell negligent in the manner in which she operated the automobile of plaintiff August 3, 1923, the time the collision occurred?  A. No.

"Q. At what rate of speed was Sarah Boell running the Buick automobile when the collision occurred?  A. Fifteen miles per hour.

Motor Vehicles, 28 Cyc. p. 47.

"Q. At what rate of speed was the defendant driving his automobile when the collision complained of occurred? A. Twenty miles per hour.

"Q. Which way was the Ford car running when the collision occurred? A. Northwest, mostly west.

"Q. Did James Sullivan motion to Sarah Boell to go to the right? A. Only with improper signal.

"Q. What distance were they from each other when James Sullivan made the motions to her, if he did? A. Sixty feet.

"Q. Could Sarah Boell have stopped her car at that time and prevented the collision? A. No.

"Q. What, if anything, did Sarah Boell do at that time to prevent a collision? A. Nothing under the circumstances."

Upon this appeal defendant contends that the verdict and findings are contrary to the evidence and that the findings show that plaintiff's daughter, who was driving the car, was guilty of contributory negligence. It is insisted that as the defendant was motioning and calling to plaintiff's daughter when she was sixty feet away from the place of collision, she was negligent in not stopping or slowing down her car, and that the collision must be regarded as due to her negligence. According to plaintiff's testimony no proper or recognized signal that defendant was about to cross the road was given. There was no intersection of highways there and she had no knowledge of his private roadway or his purpose to cross into it. In the circumstances it is clair that he should have waited the passage of plaintiff's car instead of turning across the road in front of it. If it be granted that she had time to stop her car, after he shouted and waved his hands, these things did not indicate to her that he was going to turn to the left in front of her car at that place. No signal indicative of this purpose was given, and under the findings and evidence it cannot be held that the collision was due to her negligence. The averments of the petition we think were broad enough to include the negligence found by the jury, and the question of signals and warnings was fully brought out in the testimony of the parties, and presented for the determination of the jury. We have no trouble in holding that the verdict is supported by sufficient evidence.

There was conflict common to collision cases in the evidence as to who was at fault in the collision in question. The case we have is substantially one of fact, and it was the function of the jury to settle the conflicts in the evidence. The case was submitted to them on substantial evidence and adequate instructions. If there was any error it was on the part of the jury, and on the record the only remedy for that was in the trial court.

The judgment is affirmed.